LOTTINGER, Judge.
This is a suit for damages resulting from an automobile accident. The petitioner is Noah Richardson who claims to have been riding as a guest passenger in a 1959 Chevrolet truck operated by Ellis M. Jenkins. The defendants are Ellis M. Jenkins and his liability insurer, State Farm Mutual Insurance Company, J. E. Wright, the owner of the vehicle which struck the Jenkins truck, and the Fidelity & Casualty Company of New York, the insurer of the Wright vehicle. The action as against State Farm Mutual Insurance Company was dismissed upon motion for a summary judgment prior to trial on the merits, and they are not involved in this appeal. The Lower Court rendered judgment in favor of defendants and dismissed petitioner’s action. The petitioner has appealed.
The evidence, which is not seriously in dispute, discloses that on October 5, 1962, at approximately 4:30 p. m., Ellis Jenkins was driving his 1959 model Chevrolet stake body truck in a westerly direction on State Route 442 in the Parish of Tangipahoa, Louisiana. Riding with Jenkins was Noah Richardson, the petitioner herein. The Jenkins vehicle was pulling a trailer containing three calves. At the same time a 1952 Chevrolet Pickup truck owned by J. E. Wright and being driven by his employee, J. D. Thompson, was proceeding in a northerly direction on State Route 443. The two highways are both blacktopped for a width of approximately twenty-four feet and intersect at right angles. Highway 443 is the favored thoroughfare, and there are stop signs controlling traffic along Highway 442.
Upon approaching the intersection Ellis Jenkins slowed his truck, however, he did not come to a stop as required. The point of impact was in the northwest corner of the intersection, where the entire front of the Wright vehicle struck the Jenkins truck at the front left fender and left door. Both vehicles were extensively damaged. The driver of the defendant vehicle, J. D. Thompson, testified that he was proceeding at a speed of between 50 and 55 miles per hour shortly prior to the accident. He first noticed the Jenkins truck when it was some five car lengths from the intersection traveling westerly at a slow rate of speed. At the time he estimated that he was about 200' feet south of the intersection, and that it appeared that the Jenkins vehicle was coming to a stop in obedience to the stop sign-J. D. Thompson further stated that the Jenkins truck had proceeded to a distance of one or two truck lengths from the intersection before he realized that it would not come to a stop. Thompson immediately applied his brakes, and the evidence reflects that he skidded a distance of 135 feet before the impact. Thompson testified that he had skidded approximately 100 feet in his-own lane and then attempted to turn left to avoid the collision, and this is the reason that the point of impact was in his left lane of traffic. During the course of the emergency the Jenkins truck and trailer com *719 pletely blocked the highway upon which Thompson was traveling.
Carroll Thompson, who was a passenger in the vehicle driven by J. D. Thompson, testified that he was dozing off and awakened when his brother applied the brakes. At this time the Jenkins truck was just entering the intersection.
Ellis M. Jenkins, who was driving the plaintiff vehicle, died prior to the trial and his evidence was not available. The petitioner; Noah Richardson, however, testified that the truck driven by Thompson was proceeding at a rate of speed in excess of the 60 miles per hour speed limit. In interest of his contention he relies upon the 135 feet of skid marks left by the Thompson vehicle prior to the impact and to the fact that there were serious damages done to both the vehicles.
Blashfield’s Cyclopedia of Automobile Law shows that a vehicle traveling at 60 miles per hour requires 160 feet to stop, exclusive of reaction time and with excellent brakes. The same chart shows a reaction time of of a second, during which time a vehicle proceeding at 60 miles per hour will travel a distance of 66 feet. Other charts of a recognized nature make distinctions as to the conditions of the roadway surface as well as the braking power of the vehicle, whether excellent, poor or average.
The Lower Court held that there was no negligence shown on the part of the driver of the defendant vehicle, and that he was not proceeding in excess of the speed laws. We agree with this decision. The concrete evidence of J. D. Thompson to the effect that he first noticed the emergency when he was less than 200 feet from the intersection seems to fall in line with the reaction time set forth by Blash-field at a speed of 60 miles per hour. Accepting the testimony of Thompson that he was less than 200 feet away when he first noticed the emergency, and deducting therefrom the 66 feet reaction time, it left a distance of 134 feet between the point of braking and the point of impact, which is very close to the actual skid marks prior to the accident. Had Thompson been traveling at 80 miles per hour, as was estimated by petitioner, the reaction time as well as the force of the impact would have been much greater. Although the evidence reflects that, as a result of the accident, the Jenkins truck was turned over on its right side, there is no evidence to show that this truck was knocked any appreciable distance as a result of the accident. We find that Thompson was proceeding on a right-of-way thoroughfare, and was within his legal rights in assuming that the Jenkins vehicle would stop in obedience to law. At the time Thompson noticed the emergency, he immediately applied his brakes in attempting to avoid the accident. Unfortunately it was too late. We find no negligence on the part of the defendant driver.
At trial of the matter the petitioner sought to secure from defendants a certain statement which had been taken by an insurance adjuster of the defendant insurance company by J. D. Thompson shortly after the accident. Objection was made by defense counsel, and the Court sustained the objection because there was nothing to show that the testimony of Thompson would contradict this statement. We have in the record the sworn testimony of Thompson, and feel that the refusal of the Lower Court to require the production of this statement would not prejudice the petitioner. Article 1492 of the LSA-Code of Civil Procedures provides that upon its showing of good cause therefore, the Court may order the production of such a statement. We feel that the Lower Court acted within its discretion and that no error was committed thereby.
For the reasons hereinabove assigned the judgment of the Lower Court will be affirmed and all costs of this appeal shall be paid by petitioner.
Judgment affirmed.